# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:23-cr-079 |
| v. | ) | |
| | ) | Judge Atchley |
| | ) | |
| **KADUM HARWOOD** | ) | Magistrate Judge Lee |
| | ) | |

---

## DISCOVERY AND SCHEDULING ORDER

---

**Summary Schedule:**

| | |
|---|---|
| Defendant's Pretrial Motions Due: | November 28, 2023 |
| Plea Deadline: | November 28, 2023 |
| Jury Instructions Due: | December 12, 2023 |
| Final Pretrial Conference | December 12, 2023 at 3:00 p.m. |
| Trial | December 19, 2023 at 9:00 a.m. |

## I.    DISCOVERY

If the parties in this action have not already done so, they are ordered to confer and to comply with Federal Rule of Criminal Procedure 16.1. In the absence of any agreement pursuant to Rule 16.1 or contrary order of the Court, the parties shall comply with the following schedule:

A. **Rule 16 Discovery from Government.** Within fourteen days of the defendant's request, the government shall comply with the disclosure requirements set forth in Federal Rule of Criminal Procedure 16,[1] including permitting the defendant to inspect and to copy the following items or copies thereof:

   i.   The substance of any oral statements made by the defendant in response to interrogation (*see* Fed. R. Crim. P. 16(a)(1)(A));

   ii.  Relevant written or recorded statements made by the defendant (*see* Fed. R.

---

[1] Nothing in this order limits or expands the parties' respective discovery and disclosure obligations set forth in Federal Rule of Criminal Procedure 16.

Crim. P. 16(a)(1)(B)(i));

   iii. Written records of oral statements made by the defendant in response to interrogation (*see* Fed. R. Crim. P. 16(a)(1)(B)(ii));

   iv. The defendant's recorded testimony before a grand jury (*see* Fed. R. Crim. P. 16(a)(1)(B)(iii));

   v. The defendant's arrest and conviction record (*see* Fed. R. Crim. P. 16(a)(1)(D));

   vi. Books, papers, documents, data, photographs, tangible objects, buildings or places (*see* Fed. R. Crim. P. 16(a)(1)(E)); and

   vii. Results or reports of physical or mental examinations, and scientific tests (*see* Fed. R. Crim. P. 16(a)(1)(F)).

B. **Rule 16 Discovery from Defendant.** Within fourteen days of receipt by a defendant of materials set forth in Federal Rule of Criminal Procedure 16(a)(1)(E) or (F), the defendant shall permit the government to inspect and copy the following items:

   i. Books, papers, documents, data, photographs, tangible objects, buildings or places (*see* Fed. R. Crim. P. 16(b)(1)(A)); and

   ii. Results or reports of physical or mental examinations, and scientific tests (*see* Fed. R. Crim. P. 16(b)(1)(B)).

C. **Expert Testimony.** Within twenty-one days of a request by the government or a defendant, the opposing party shall disclose a written summary of any testimony it intends to use under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief at trial. This summary must describe each witness's opinions, the bases and reasons for those opinions, and the witness's qualifications (*see* Fed. R. Crim. P. 16(a)(1)(G) and 16(b)(1)(C)).

D. **Insanity Defense.** If the defendant intends to rely upon the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he shall give written notice thereof to the government within twenty days of the entry of this order.

E. **Electronic Surveillance.** Within fourteen days of the entry of this order, the government shall state whether the defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11) of any electronic surveillance, and if so, shall set forth in detail the circumstances thereof.

F. ***Brady* Material.** Within fourteen days of the entry of this order, except where the *Brady* material is covered by the Jencks Act, 18 U.S.C. § 3500, the government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83

2

(1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence).

## II.  PRETRIAL

A. **Written Memoranda.**  Any motion that requires the resolution of an issue of law shall be accompanied by a supporting memorandum.  E.D. Tenn. Local Rule 7.1.  Without such a memorandum, the Court will not consider the motion.  If either party desires a *Daubert* hearing, regarding expert testimony, that party shall notify the Court before the deadline for filing pretrial motions.

B. **Propensity Evidence.**  The government must comply with Federal Rule Evidence 404(b).  Notice that results in good cause for continuance of the trial is unlikely to be "reasonable notice" required under Federal Rule of Evidence 404(b)(3)(A).

C. ***Giglio* Material.**  Not later than seven days prior to trial, the government shall disclose to the defendant the existence of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972) (impeachment evidence) and *Napue v. Illinois*, 360 U.S. 264 (1959).  For each witness who will testify for the government at trial, the government shall supply the defendant with a record of all prior convictions of the type that may be used to impeach a witness under Rule 609 of the Federal Rules of Evidence.

D. **Jencks Act Material.**  All parties shall be prepared to comply with the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure relating to the production of witness statements on demand after the witness has testified on direct examination.  To avoid disruptions in trial, the Court strongly urges the government to reveal Jencks Act material to the defendant at least fourteen days before the trial.

## III.  PLEA DEADLINE

Plea bargaining shall be concluded by the plea deadline, and any written agreement shall be executed by the plea deadline.

## IV.  JURY INSTRUCTIONS

The parties shall confer and submit a joint proposal for jury instructions by the deadline listed above.  Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements.  To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal.  All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority.  A copy of the proposed jury instructions should be sent in Microsoft Word format to atchley_chambers@tned.uscourts.gov.

## V.  FINAL PRETRIAL CONFERENCE

A. **Statement of Discovery and Stipulations.**  The parties shall collaborate to prepare a

3

written statement to be signed by counsel for each side prior to the final pretrial conference, generally describing all discovery material exchanged, and setting forth all stipulations. The parties shall make every good-faith effort to stipulate to facts or points of law, the truth and existence of which are not contested and the early resolution of which will expedite the trial. However, no stipulation made by defense counsel shall be used against the defendant unless the stipulation is in writing and signed by the defendant and defendant's counsel. It shall be the government's responsibility to contact defense counsel regarding stipulating to any uncontroverted facts.

B. **Evidentiary Discussion.** At or before the final pretrial conference, all parties shall provide a notebook to the Court with exhibits they expect to offer during their cases-in-chief. Each party shall also file a written submission advising the Court: (1) how and by whom each document will be authenticated and (2) the theory of admissibility for the document, with appropriate references to the Federal Rules of Evidence. At the final pretrial conference, the parties should also be prepared to advise the Court whether they intend to offer any out-of-court statements as evidence beyond what is reflected in the exhibit notebook and be prepared to explain why each statement is not barred by the rule against hearsay, the Confrontation Clause, or any other basis. The parties should also be prepared to discuss evidence relating to a crime, wrong, or other act by the defendant, whether that evidence is admissible under Federal Rule of Evidence 404(b)(2), and whether the Government has given appropriate notice.

C. **Technology Disclosure.** Prior to the final pretrial conference, the parties shall disclose to one another and to the Court, technology they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment, data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom to use and (2) equipment supplied by the Court the parties intend to use.

D. **Disclosure of Digital Materials.** The parties shall disclose to one another the content of their electronic or digital materials by the time of the final pretrial conference and shall confirm the compatibility/viability of their planned use of technology with the Court's equipment before the final pretrial conference. General information on equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

## VI. TRIAL

The trial of this case will be held before the United States District Judge and a twelve-person jury. Counsel shall be prepared to commence trial at 9:00 a.m. on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date.

## VII. OTHER

A. **Criminal Records of Witnesses.** The government shall obtain the record of prior

convictions of any alleged informant who will testify for the government at trial so that the record will be available to the defendant at trial.

B. **Preservation of Notes.**  The government shall advise its agents and officers involved in this case to preserve all rough notes.

C. **Continuing Obligations.**  It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this order.

D. **Protective Orders.**  Upon a sufficient showing, the Court may at any time, upon motion properly filed, order that the discovery or inspection provided for by this order be denied, restricted or deferred, or make such other order as is appropriate.  It is expected by the Court, however, that counsel for both sides shall make every good faith effort to comply with the letter and spirit of this order.

E. **Ethical Standards.**  This order does not relieve any attorney from complying with the Court's ethical standards.


**SO ORDERED.**

**ENTER:**


s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

5