# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **1:23-cr-79** |
| **v.** | ) | |
| | ) | |
| **KADUM HARWOOD** | ) | **Judges Atchley / Lee** |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Kadum Harwood, and the defendant's attorney, Damon Burk, have agreed upon the following:

1.    The defendant will plead guilty to Count Two in the Indictment:

Count Two:    Interstate travel with the intent to carry on unlawful activity (arson), in violation of Title 18, United States Code, Section 1952(a)(3).

The punishment for this offense is as follows:   imprisonment for up to 5 years; a fine of up to $250,000; supervised release for up to three years; and a $100 special assessment.

2.    In consideration of the Defendant's guilty plea, the United States agrees to move at the time of sentencing to dismiss the remaining count (Count One) of the Indictment against the defendant.

3.    The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged.   The defendant is pleading guilty because the defendant is in fact guilty.

To be guilty, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt:

Count Two (18 U.S.C. § 1952(a)(3)):

     a)     The defendant engaged in interstate travel;

     b)     The defendant did so with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of any unlawful activity (in this case, arson);

     c)     The defendant subsequently performed or attempted to perform an act to promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of any unlawful activity (in this case, arson).[1]

4.    In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which the defendant admits satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

     a)     On September 4, 2023, the defendant traveled from his home in Georgia to the Chattanooga Masonic Center located at 551 West 21st Street, Chattanooga, Tennessee, with the intent to damage or destroy that building by setting it on fire. When he arrived, he connected a chain between his vehicle and the front doors of the Masonic Center and then

---

[1] The elements of arson, in violation of 18 U.S.C. § 844(i), are:

    1.    That the defendant maliciously damaged or destroyed, or attempted to damage or destroy, real or personal property;

    2.    That the defendant did so or attempted to do so by means of fire or an explosive; and

    3.    That at the time of the fire or explosion or the defendant's attempt, the real or personal property was used in interstate or foreign commerce or was used in an activity affecting interstate or foreign commerce.

drove away from the building, causing the doors to break open.  He then went inside the Masonic Center where he used a sledgehammer to destroy furniture and other items.

      b)     The defendant next took from his vehicle a large container of gasoline or other type of fire accelerant and brought it inside the Masonic Center.   Then he retrieved firewood from his vehicle and brought it inside the building.   He placed the firewood near some of the items he had destroyed and pulled down surrounding drapery and placed it over the pile. After dousing the pile with the accelerant, the defendant lit a piece of paper on fire and dropped it onto the pile of accelerant, firewood, broken furniture, and drapery that he had assembled. This caused a large fire to ignite inside the Masonic Center.   The defendant then pulled down more of the surrounding drapery and fed it to the fire in an apparent effort to grow the fire.

      c)     The defendant then went outside the building and poured accelerant on the bushes that he earlier cut with a chainsaw, and he ignited a fire on the building's exterior using a handheld lighter.   Finally, the defendant went back to his vehicle, retrieved a .50-caliber Smith & Wesson revolver, and fired a single shot at the Masonic Center that he had set on fire.

      d)     The Chattanooga Masonic Center has members who reside in Georgia but pay their membership dues to the Center located in Chattanooga, Tennessee.   In addition, The Chattanooga Masonic Center charges fees to various out-of-state groups to use the building for gatherings, meetings, and conferences.   The defendant admits the Chattanooga Masonic Center was real property that was used in interstate commerce or in an activity affecting interstate commerce.

5.     The defendant understands that by pleading guilty the defendant is giving up several rights, including:

a)      the right to plead not guilty;

b)      the right to a speedy and public trial by jury;

c)      the right to assistance of counsel at trial;

d)      the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e)      the right to confront and cross-examine witnesses against the defendant;

f)      the right to testify on the defendant's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

g)      the right not to testify and to have that choice not used against the defendant.

6.      **Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a sentence of imprisonment between 40 and 60 months (inclusive), to be followed by a three-year term of supervised release, is the appropriate disposition of this case.**   Nothing in this agreement limits either party's ability to argue for a specific sentence in that range.

Further, the defendant and the United States agree that as special conditions of supervised release, the defendant shall not directly or indirectly contact or threaten any member of the Chattanooga Masonic Lodge or any affiliated entity, or any family member of such member(s), and he shall not knowingly enter upon any premises owned or occupied by the Chattanooga Masonic Lodge or any affiliated entity.   Additionally, the defendant and the United States agree that the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate.

In the event the Court declines to accept this agreement, either party will be free to withdraw from this plea agreement.

7.     Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines.   Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.   Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8.     The defendant agrees to pay the special assessment in this case prior to sentencing.

9.     The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case; and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense.

10.     The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court.   The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately.   If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.   The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments,

execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. To facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement

by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

14. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY

10/11/24
Date

By: _____
Joseph G. DeGaetano
Assistant United States Attorney

10/10/2024
Date

_____
Kadum Harwood
Defendant

10/10/2024
Date

_____
Damon Burk
Attorney for the Defendant

Page **8** of **8**